IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-08-107-D |
| ) | (Case No. CIV-11-1382-D) |
| GEORGE LIVINGSTON, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant George Livingston's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 130]. The government has timely responded in opposition to the Motion, and Defendant has replied. The Motion is thus at issue.

**Factual and Procedural Background**

On May 7, 2008, a federal grand jury indicted Defendant George Allen Livingston and a co-defendant. The Indictment charged Defendant with three offenses: Count l, passing counterfeited obligations of the United States with intent to defraud on December 24, 2007, in violation of 18 U.S.C. § 472; Count 2, possessing counterfeited obligations of the United States with intent to defraud on January 11, 2008, in violation of 18 U.S.C. § 472; and Count 3, having previously been convicted of a felony, unlawfully possessing a firearm on January 11, 2008, in violation of 18 U.S.C. § 922(g)(1). Assistant Federal Public Defender William P. Earley was appointed to represent Defendant, and promptly filed a motion to suppress evidence obtained by police officers during a warrantless search of a motel room in which Defendant was found. Mr. Earley subsequently became aware of facts that created an apparent conflict of interest, and was permitted to withdraw from the representation. The Court then appointed attorney David P. Henry as counsel for Defendant.

On October 27, 2008, the Court conducted an evidentiary hearing on the motion to suppress, at which Defendant appeared with Mr. Henry. Based on the evidence presented at the hearing, including the testimony of an Oklahoma City police officer who conducted the search, the Court denied the motion. The Court found, *inter alia*, that another occupant of the motel room, a man named Angel Rivera, voluntarily consented to the search. Following this ruling, Defendant waived his right to a jury trial and stipulated to facts necessary to establish the offenses in the Indictment. On November 5, 2008, the Court conducted a bench trial in which it received the parties' written stipulations and found Defendant guilty as charged. On April 8, 2009, the Court sentenced Defendant to concurrent 92-month terms of imprisonment, to be followed by a 3-year term of supervised release. The Court also ordered restitution in the amount of $720.00.

Defendant took a timely appeal to challenge the Court's denial of his motion to suppress. After perfecting the appeal, Mr. Henry was permitted to withdraw, and the court of appeals appointed another attorney, James T. Rowan, as counsel for Defendant. Subsequently, however, the court of appeals did not reach the merits of the appeal but, instead, determined that Defendant might have waived his right to appeal the suppression ruling by stipulating to the facts supporting his convictions. Accordingly, the case was remanded for a determination of whether Defendant voluntarily agreed to the stipulations of fact, knowing of the likely consequences to his appeal. *See United States v. Livingston*, 586 F.3d 819, 823 (10th Cir. 2009). After remand, the Court found that Defendant did not knowingly and voluntarily agree to the stipulations on which he was found guilty, and did not knowingly and voluntarily waive a jury trial. Thus, the Court vacated Defendant's judgment of conviction and sentences, and set the case for trial on the next available jury trial docket. Following the appeal, Mr. Rowan entered his appearance for Defendant and represented Defendant during subsequent proceedings in this Court.

On February 5, 2010, the Court held a pretrial conference pursuant to Fed. R. Crim. P. 17.1, and counsel for the parties announced their intention to present the matter for decision by the Court again, this time based upon stipulations of expected testimony and incorporation of testimony presented during the suppression hearing. Accordingly, on February 10, 2010, Defendant appeared with counsel and again waived his right to a trial by jury, and the Court conducted a second bench trial in which the parties presented their agreed stipulations of expected testimony. Also, the Court agreed to review the police officer's testimony from the October, 2008 hearing. The Court reconvened the trial on February 19, 2010; issued its findings of fact and conclusions of law; and announced its decision that Defendant was guilty as charged in the Indictment. On August 18, 2010, Defendant appeared for sentencing, and the Court imposed the same sentences Defendant had previously received.

Defendant timely appealed a second time to challenge the denial of his motion to suppress. On July 11, 2011, the court of appeals affirmed the Court's suppression ruling, finding no Fourth Amendment violation in police officers' search of the motel room, an inner bedroom, or a closet in the bedroom, or the seizure of evidence found in a duffle bag located inside the closet. *See United States v. Livingston*, 429 F. App'x 751, 753-55 (10th Cir. July 11, 2011).

### Defendant's Motion

Defendant raises a single claim for relief, that is, he received ineffective assistance of counsel in connection with the motion to suppress evidence obtained from the search of the motel room. Specifically, Defendant alleges that his trial counsel, presumably Mr. Henry, failed to conduct an adequate investigation or provide effective representation with regard to the motion to suppress. The factual allegations provided to support this contention state in full as follows:

> Had he [trial counsel] . . . done a proper investigation, I could of asked the witness who police say had authority to concent [sic] to the search of the motel room I was arrested in. Having questioned him in open court, he under perjury law, would of given a different statement then [sic] what the police officers stated "He said". This could of made a huge difference on the Judge's decision to rule in favor of the Government during my motion to suppress hearing.

*See* Def.'s Motion [Doc. No. 130] at 4 (emphasis in original). It is unclear from these allegations what testimony the absent witness (presumably, Mr. Rivera) would have given or what facts the defense counsel would have uncovered through a more thorough investigation.

In a reply brief, Defendant clarifies the factual allegations on which his ineffective assistance claim is based. Defendant alleges that an incomplete investigation and failure to utilize Mr. Rivera as a witness resulted in counsel's failure to adduce additional facts for the suppression hearing that would have led to a favorable ruling. Mr. Rivera allegedly would have testified "that he had in fact NOT been in the room for any length of time, contrary to what the police stated," so he was not able to give valid consent to the officers' entry into the room. *See* Def.'s Reply Br. [Doc. No. 140] at 2 (emphasis in original). Mr. Rivera also could have testified, according to argument in Defendant's brief, regarding these additional facts: "that he met up with [Defendant] around 7:30 PM the night of Jan. 10, 1998, and that [Defendant] told Mr. Rivera that he could stay but would have to leave the next day;" that Mr. Rivera opened the door to the motel room when the police officers knocked "around 3:00 am on Jan. 11, 2008, less than 8 hours after coming to the hotel room"; that the police officers asked Mr. Rivera if the room was his and he stated, "No, I am just spending the night"; and that Mr. Rivera had stayed "at the rescue mission the previous night." *See id*. at 4. Defendant also argues that the police officers "failed to ask the proper questions of Mr. Rivera to make a proper determination as to his ability to consent" and, instead, barged into the room without valid consent.

4

*See id.* at 5. Defendant asserts that these additional facts, if known, would have led the Court to find that Mr. Rivera lacked the capacity to give valid consent and the search was unconstitutional.

**Discussion**

The standard of decision governing Defendant's claim is well established:

> Ineffective assistance of counsel claims are . . . guided by the now familiar *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this test, a petitioner must show that "his trial counsel committed serious errors in light of 'prevailing professional norms' and that there is a 'reasonable probability' that the outcome would have been different had those errors not occurred." *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir.1993) (*quoting Strickland*, 466 U.S. at 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

*United States v. Mora*, 293 F.3d 1213, 1217 (10th Cir. 2002). If Defendant's proof fails either part of the *Strickland* test, the Court need not reach the second part, and the two parts may be addressed in any order. *Fields v. Gibson*, 277 F.3d 1203, 1216 (10th Cir. 2002); *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000).

Viewing Defendant's allegations under these legal principles, and in light of the case record, the Court finds that Defendant has failed to allege sufficient facts to establish any serious error by his counsel that might reasonably have affected the outcome of the suppression hearing or the Court's ruling on the motion to suppress. Defendant relies on *United States v. Kimoana*, 383 F.3d 1215 (10th Cir. 2004), to argue that evidence Mr. Rivera stayed in the motel room only briefly, did not stay there the previous night, did not keep any belongings there, and did not have a key, would have led to a conclusion that Mr. Rivera lacked actual and apparent authority to consent to a search of the room. Defendant misunderstands the holding of *Kimoana* and federal case law. As noted by the court of appeals in his case, regardless of whether Mr. Rivera rented the room, he plainly was staying there on the night he opened the door to police officers at 3:00 A.M. and he had apparent authority to consent to the officers' entry into the room. Apparent authority or control over a room

5

in a hotel or motel, which are abodes for the transient, may be established solely by facts leading a police officer reasonably to believe that the person who opens the door "is no mere visiting guest of the motel lodger but is a lodger himself who possesses a significant degree of dominion over the room." *United States v. Livingston*, 429 F. App'x 751, 753 (10th Cir. 2011). "The 'apparent authority' test for determining the reasonableness of the officer's belief is an objective one: '[W]ould the facts available to the officer at the moment . . . warrant a man of reasonable caution [to believe] that the consenting party had authority over the premises?'" *Kimoana*, 383 F.3d at 1222 (quoting *United States v. Gutierrez-Hermosillo*, 142 F.3d 1225, 1230 (10th Cir. 1998)).

In this case, the court of appeals noted that Mr. Rivera answered the door of the motel room when police officers knocked and told them, according to the testimony of an officer, that he (Mr. Rivera) had been staying in the room for two days. The court concluded: "This fact, we hold, is enough to establish the officers' reasonable belief that [Mr. Rivera] had mutual use or control of at least the outer motel room." *Livingston*, 429 F. App'x at 753. Assuming defense counsel, through proper investigation and admissible evidence, could have refuted the officer's testimony and established that Mr. Rivera actually said he was staying a single night, this change of facts would have been insufficient to alter the suppression ruling. In addition to Mr. Rivera's statement concerning the length of his stay in the room, the other facts known to the police officers were that Mr. Rivera answered the door of a darkened motel room at 3:00 A.M. and appeared to have been sleeping in the room before he answered the door. Mr. Rivera and a companion were occupying the outer room of the motel suite, and he admitted police officers to the room without checking with any other person or doing anything to suggest he needed another's permission to grant admittance. Defendant, who was occupying an inner bedroom with his companion, gave the officers no reason to believe that Mr. Rivera did not have control over the outer room or authority to admit them. By

6

allowing Mr. Rivera control over access to the motel room and making him keeper of the door, Defendant gave Mr. Rivera discretion to decide whom to admit and conferred authority to grant entry to the room.[1]

These facts are similar to those presented in *United States v. Rosario*, 962 F.2d 733 (7th Cir. 1992), on which the Tenth Circuit relied in *Kimoana*. *See Kimoana*, 383 F.3d at 1222, 1225 n.7. Based on such facts, the Seventh Circuit concluded, "nothing about the interaction between Vilaro [the occupant of a motel room] and the officers at the door conceivably could have undermined a reasonable person's impression that Vilaro was vested with the power to allow whomever he pleased into Room 315." *See Rosario*, 962 F.2d at 737. The Seventh Circuit further concluded that discrepancies between the appearance of the occupant, Vilaro, and the person whom they believed to be renting Room 315 did not trigger a duty of further inquiry. The court reasoned as follows:

> No further inquiry was required of them because Vilaro acted at all times as though he were the keeper of the door to Room 315. Neither of the defendants endeavored to challenge such appearances. Since the police gained entry to the room at the sufferance of someone entitled to admit them, the evidence they obtained is admissible against everyone.

*Id.* at 738 (internal quotation omitted). For these same reasons, the Court finds that the purported additional facts that Defendant's counsel failed to uncover and to present at the hearing on the motion to suppress, would not have altered the suppression ruling. Accordingly, the Court finds that Defendant has failed to allege facts that would establish a reasonable probability of a different outcome but for the alleged error by his counsel.

---

[1] Defendant does not allege any facts that would undermine the validity of the officers' entry into and search of the inner bedroom and the closet where the incriminating evidence was found. Under the court of appeals' analysis, valid consent to enter and search these areas was granted by Defendant's companion, Cary Adams. *See Livingston*, 429 F. App'x at 754.

**Conclusion**

Upon consideration of the case record, the Court finds that Defendant has failed to make a sufficient showing under *Strickland*. Therefore, the Court further finds that Defendant's claim of ineffective assistance of counsel lacks merit.[2]

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA will be denied, and the denial shall be included in the judgment.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED. A judgment shall be entered as set forth herein.

IT IS SO ORDERED this 28th day of February, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Because the existing record shows Defendant is not entitled to relief, no evidentiary hearing is needed. *United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); *see* 28 U.S.C. § 2255.